UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: CV 10-05896 SJO (JCGx)          DATE: March 18, 2011

TITLE: Hallmark Hardwood, Inc. v. Omni Wood Product, LLC, et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

COUNSEL PRESENT FOR PLAINTIFF:           COUNSEL PRESENT FOR DEFENDANTS:

Not Present                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
[Docket Nos. 81, 82]

These matters are before the Court on Defendants Southwest Hardwood Distributors, LLC's ("Southwest") and Timothy Kendzlic's ("Kendzlic") (collectively, "Defendants") Second Amended Motions to Dismiss for Lack of Personal Jurisdiction ("Motions"), filed on February 3, 2011 against Plaintiff Hallmark Hardwoods, Inc. ("Plaintiff"). On February 14, 2011, Plaintiff filed an Opposition to which Defendants replied. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for March 7, 2011. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court GRANTS Defendants' Motions to Dismiss for Lack of Personal Jurisdiction.[1]

---

[1] The Court is in receipt of Mr. Fitzgerald's January 25, 2011 letter. In his letter, Mr. Fitzgerald informs the Court that his partner, "Mr. Chapin . . . defended a case . . . for Farmers Insurance Group, Inc., to which Your Honor was a plaintiff." Mr. Fitzgerald brings this matter to the Court's attention so that the Court "can take any appropriate action." The following response is provided.

The Code of Conduct for United States Judges Canon 3(A)(2) requires that a Judge "should hear and decide matters assigned unless disqualified." Canon 3(C)(1) requires disqualification in a proceeding in which a Judge's impartiality might reasonably be questioned, including but not limited to instances in which: "(a) The Judge has a personal bias or prejudice concerning a party. . . ."

There were several firms involved in representing the Farmers Insurance Group of companies in the referenced matter. But for Mr. Fitzgerald's letter, I would not have known that Mr. Chapin was one of the lawyers representing Farmers Insurance Group, Inc. I have never met Mr. Chapin and my wife and I had no direct contact with him during the course

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: CV 10-05896 SJO (JCGx)         DATE: March 18, 2011

I. BACKGROUND

Plaintiff alleges that it manufactures and sells a line of hardwood flooring, named "Hallmark Hardwoods." (First Amended Complaint ("FAC") ¶ 17.) Plaintiff further alleges it owns the logo used to identify "Hallmark Hardwoods" products, the owner of the federally registered trademark for the "Hallmark Hardwoods H" word mark, and it owns the federally registered trademark for the "H" mark. (FAC ¶¶ 24-26.) Plaintiff contends that Defendants are involved in the "manufacture, display, distribution, and sale of product" that is falsely marked as "Hallmark Hardwoods" product. (FAC ¶ 30.)

On August 9, 2010, Plaintiff filed a Complaint. On September 9, 2010, Plaintiff filed a First Amended Complaint alleging claims for: (1) trademark infringement; (2) false designation of origin; (3) unfair competition and false advertising pursuant to 15 U.S.C. § 1117; (4) unfair competition, false advertising, and deceptive acts and practices pursuant to sections 17200 and 17500 of the California Business and Professions Code; and (5) imposition of a constructive trust. (*See generally* FAC) On October 18, 2010, Kendzlic and Southwest each filed Amended Motions to Dismiss for Lack of Personal Jurisdiction. (Docket Nos. 41, 42.) Plaintiff filed an Opposition claiming that Defendants have personal jurisdiction and, in the alternative, moved for jurisdictional discovery. On December 6, 2010, the Court granted Plaintiff's request for jurisdictional discovery. Following discovery, on February 3, 2011, Defendants filed Second Amended Motions to Dismiss for Lack of Personal Jurisdiction. (Docket Nos. 81, 82.) Plaintiff filed an Opposition repeating the same arguments stated in Plaintiff's previously filed opposition.

II. DISCUSSION

A federal court's exercise of personal jurisdiction must comport both with the long-arm statute of the state in which it sits and with the constitutional requirement of due process. California's long-arm statute is coextensive with due process requirements. *See* Cal. Civ. Proc. Code § 410.10; *Data Disc., Inc. v. System Tech. Assocs., Inc.,* 557 F.2d 1280, 1286 (9th Cir. 1977). Due process requires that the nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal citation omitted).

A federal court may exercise either general or specific personal jurisdiction. The plaintiff bears the burden of establishing the necessary jurisdictional facts. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1289, 1392 (9th Cir. 1984). To survive a motion to dismiss for lack of personal

---

of the litigation. I harbor no animosity against any of the Farmers companies or their lawyers. Moreover, Farmers Insurance remains my carrier and the company I choose to do business with. Accordingly, the Court is obligated to decide the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 10-05896 SJO (JCGx)   DATE: March 18, 2011

jurisdiction, however, the plaintiff need only make a prima facie showing of jurisdiction. *See Zieglar v. Indian River Cnty.,* 64 F.3d 470, 473 (9th Cir. 1995). In determining whether the plaintiff has met this burden, the Court must take allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588-89 (9th Cir. 1996).

   A.   Plaintiff Has Failed to Establish General Personal Jurisdiction.

Following jurisdictional discovery, Plaintiff lodged Kendzlic's deposition testimony, list of Defendants' California vendors, and copies of invoices and purchase orders from Defendants. Despite this Court's grant of jurisdictional discovery, Plaintiff has failed to provide sufficient evidence to establish that Defendants are subject to personal jurisdiction. Plaintiff argues that this Court has general personal jurisdiction over Defendants because of their substantial, continuous, and systematic activities in California. (Pl.'s Opp'n 9:12-13.) General personal jurisdiction may be exercised as to any claim if the defendant is domiciled in the forum state, or if its activities there are "substantial" or "continuous and systematic." *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984). Defendants allege that they are not domiciled in California and do not conduct "substantial" activities here.

Specifically, Plaintiff claims that this Court has general personal jurisdiction over Defendants because in January 2010, Defendants sold approximately 1500 pounds of hardwood and laminate flooring to a retailer in California. (Pl.'s Opp'n 10:7-9). However, Defendants have established that they do not have a business in California, and since opening their business in Arizona in May 2009, they made only one sale in California and the sale was unrelated to Plaintiff's trademark infringement claim. (Southwest Mot. 3:6-8); (Kendzlic Mot. 3:1-2.) Defendants, therefore, argue that a single sale does not constitute "continuous and systematic" contact in California. (Southwest Mot. 5:23-25); (Kendzlic Mot. 6:11-15.) Defendants are correct that a single transaction in California is not enough to establish "continuous and systematic" activity in the forum state. *See Lake*, 817 F.2d at 1421 (holding that a defendant cannot be "haled into a jurisdiction as a result of random, fortuitous, or attenuated contacts").

In the alternative, Plaintiff argues that Defendants are subject to general personal jurisdiction because Defendants entered into formal business relationships with California vendors. (Pl.'s Opp'n 10:9-14.) Plaintiff alleges that Defendants entered into two formal relationships with a California company granting Defendants exclusive distribution rights to flooring products in Nevada and Arizona. (Pl.'s Opp'n 10:9-11.) However, merely contracting with a resident of the forum state is insufficient to confer personal jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (rejecting general jurisdiction where defendant made occasional sales to California residents and had license agreements with California vendors) (*overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc)*; see also Burger King v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  CV 10-05896 SJO (JCGx)              DATE:  March 18, 2011

*Rudzewicz,* 471 U.S. 462, 478 (1985).  As such, the Court concludes that Plaintiff has not met its burden of establishing general jurisdiction over Defendants.

  B. Plaintiff Has Failed to Establish Specific Personal Jurisdiction.

Plaintiff asserts that this Court has specific personal jurisdiction over Defendants.  Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific claim.  *Data Disc., Inc.,* 557 F.2d at 1287.  Specific jurisdiction requires a showing that: (1) the nonresident defendant purposefully directed its activities toward the forum state, or purposefully availed himself of the privilege of conducting activities in the forum state; (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities; and (3) the forum's exercise of personal jurisdiction is reasonable.  *See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

With respect to the first prong, it is satisfied by either purposeful availment or purposeful direction, which are "two distinct concepts."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "A purposeful availment analysis is most often used in suits sounding in contract.  A purposeful direction analysis, on the other hand, is most often used in suits sounding in torts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  Here, Plaintiff alleges trademark infringement, which is generally characterized as sounding in tort.  *See Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir. 1998).

Plaintiff does not offer a purposeful availment analysis.  Because Plaintiff alleges that Defendants executed contracts with California vendors, Plaintiff possibly could have pursued a purposeful availment claim.  However, Plaintiff's Opposition and additional evidence Plaintiff offers fail to establish that Defendants are subject to specific jurisdiction under purposeful availment.  The mere existence of a contract with a resident of the forum state is insufficient to satisfy the purposeful availment requirement.  *See Roth v. Garcia Marquez,* 942 F.2d 617, 621 (9th Cir. 1991).  Other factors the court should look for are "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."  *Burger King*, 471 U.S. at 479.  Plaintiff fails to address any of these factors.  Furthermore, the terms of Defendants' contracts only demonstrate that Defendants may have purposefully availed themselves in Arizona and Nevada by agreeing to have exclusive distribution rights to the Arizona and Nevada market.  Nonetheless, Plaintiff fails to address these issues and fails to meet its burden establishing that Defendants purposefully availed themselves in California.  The Court now turns to the Plaintiff's purposeful direction analysis.

  1. Plaintiff Fails to Meet the Purposeful Direction Elements.

Purposeful direction is determined by a three-part "effects doctrine" articulated in *Calder v. Jones,* 465 U.S. 783 (1984).  Under this test, the defendant allegedly must have: (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) causing harm, the brunt of which

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 10-05896 SJO (JCGx) | **DATE:** March 18, 2011 |

is suffered – and which the defendant knows is likely to be suffered – in the forum state. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993). There is no requirement that the defendant have any physical contacts with the forum. *See Schwarzenegger,* 374 F.3d at 803.

      a.     Intentional Act

Plaintiff contends that Defendants intentionally directed their alleged wrongdoing and purportedly sold counterfeits in California. (Pl.'s Opp'n 5:3-4.) To satisfy the "intentional act" requirement of the *Calder* test, it is sufficient to demonstrate that Defendants had an intent to perform an actual, physical act rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger,* 374 F.3d at 806. Plaintiff alleges that one of its Arizona dealers bought a box of the purported counterfeit product that Defendants were allegedly selling in Arizona. (Brown Decl. in Supp. of Pl.'s Opp'n ("Brown Decl.") Ex. B at ¶ 2.) Plaintiff alleges that Defendants, who are located in Phoenix, Arizona, personally delivered the alleged counterfeit product to Plaintiff's dealer located in Flagstaff, Arizona. (Pl.'s Opp'n 3:1-5.) Assuming for purposes of these Motions that the allegations are true, the Court concludes that Plaintiff has alleged sufficient facts to establish that Defendants acted intentionally.

      b.     Expressly Aimed

However, while Defendants may have intentionally acted, whether Defendants "expressly aimed" their alleged activities is an entirely different matter. The second factor requires Plaintiff to establish that Defendants "expressly aimed" its activities "at the forum state." *See Core-Vent Corp.,* 11 F.3d at 1486. The expressly aiming requirement is met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant *knows* to be a resident of the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (emphasis added).

Plaintiff does not address the "expressly aimed at the forum state" factor in its Opposition. This lawsuit concerns activities which occurred in Arizona, not California. (Pl.'s Opp'n 3:1-5.) Furthermore, while Defendants made one sale in California, the product sold did not bear Plaintiff's trademark nor was it related to Plaintiff's products. (*See* Kendzlic Decl. in Supp. of Defs.' Mot. ¶ 8.) Plaintiff argues that because Defendants were involved in the alleged counterfeiting enterprise, "this single act is sufficient to support jurisdiction in California." (Pl.'s Opp'n 5:20-21.) The Ninth Circuit, however, has held that merely infringing on Plaintiff's trademark is not enough to establish the second factor of purposeful direction; there must be "something more" to indicate that the defendant purposefully directed his activities at the forum state. *See Panavision,* 141 F.3d at 1322*; see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Plaintiff does not provide any evidence demonstrating that Defendants *knew* Plaintiff was a California corporation and that those activities would likely affect California. As previously mentioned, Defendants never sold any products bearing Plaintiff's trademark in California. Furthermore, Plaintiff fails to establish the "something more" element of purposeful direction. Based on the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** CV 10-05896 SJO (JCGx) | **DATE:** March 18, 2011 |

allegations contained in Plaintiff's Opposition, Plaintiff has failed to establish that Defendants expressly aimed their alleged activities in California.

### c. Brunt of the Harm

For the third element, Plaintiff must demonstrate that Defendants "caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006). Because Plaintiff has failed to establish that Defendants "expressly aimed" their activities in California, the Court need not address this element.

Accordingly, Plaintiff has failed to meet all the requirement of purposeful direction.

### 2. Plaintiff Fails to Establish That Defendants' Conduct Arose Out of Forum-Related Activities in California.

Even assuming *arguendo* that Plaintiff established the elements for purposeful direction, Plaintiff fails to demonstrate that its injuries arise out of Defendants' forum-related activities. The second prong of the specific personal jurisdiction test requires that the claim "arise out of" the defendant's forum-related activities. This part of the test is satisfied if the plaintiff establishes that it would not have been injured "but for" the defendant's forum related contacts. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir.1995).

Here, Plaintiff filed this instant suit after Defendants sold products in Arizona bearing Plaintiff's trademark. (Pl.'s Opp'n 3:1-5); (Defs.' Reply 2:13-21.) Specifically, an Arizona dealer was acting on behalf of Plaintiff and purchased products allegedly bearing Plaintiff's trademark from Defendants in Arizona. (Defs.' Reply 2:13-21.) Plaintiff filed this instant suit after concluding that the product was a counterfeit. In its Opposition, however, Plaintiff argues that it would not have been injured "but for" Defendants' alleged counterfeiting activities in California. (Pl.'s Opp'n 6:4-5.) While Plaintiff's injury may have been caused by Defendants' alleged sale of goods bearing Plaintiff's trademark, Plaintiff's injury could not have occurred "but for" Defendants' alleged counterfeiting activities in California because Defendants never sold any products bearing Plaintiff's trademark in California. As such, the Court concludes that Plaintiff has failed meet the second element of specific jurisdiction.

### 3. Subjecting Defendants to Personal Jurisdiction Would Be Unreasonable.

The plaintiff bears the burden of establishing the first two prongs. *Schwarzenegger,* 374 F.3d at 802. If the plaintiff establishes both prongs, a presumption of reasonableness arises. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392,1397 (9th Cir. 1986). At that point, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (*quoting Burger King*, 471 U.S. at

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 10-05896 SJO (JCGx)</u> | **DATE:** <u>March 18, 2011</u> |

476-78). Here, Plaintiff has failed to demonstrate the first two prongs and, therefore, there is no presumption of reasonableness. Furthermore, because Plaintiff has failed to meet its burden that Defendants purposefully directed their activities in the forum state, subjecting Defendants to personal jurisdiction in California would be unreasonable.

III.     <u>RULING</u>

The Court previously granted Plaintiff's request for jurisdictional discovery and gave Plaintiff an opportunity to establish personal jurisdiction over Defendants. This is Plaintiff's third attempt to establish personal jurisdiction over Defendants. Plaintiff has again failed to establish its burden. Accordingly, the Court GRANTS Defendants' Motions to Dismiss for Lack of Personal Jurisdiction. Defendants Southwest and Kendzlic are dismissed.

IT IS SO ORDERED.