CHAPIN FITZGERALD SULLIVAN LLP
   Edward D. Chapin, Esq. (SBN: 053287)
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   Douglas J. Brown, Esq. (SBN: 248673)
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff/Counter-Defendant
HALLMARK HARDWOODS, INC., and
Counter-Defendants TONY PAN, ALICE PAN,
UNITED WOOD FLOOR CORPORATION, and
LONGUST DISTRIBUTING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK HARDWOODS, INC.<br><br>               Plaintiff,<br>vs.<br><br>OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC, a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.; HALLMARK WOOD AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU; FEI LI; OLD MASTER PRODUCTS, INC.; SHAUL DINA; SOUTHWEST HARDWOOD DISTRIBUTORS, LLC; TIMOTHY KENDZLIC; UNIVERSAL DYNAMICS, INC. and CHUNGSTINE, INC. d/b/a EXPERT HARDWOOD FLOORING,<br><br>               Defendants. | Case No.: 2:10-CV-05896-SJO-JCG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>Complaint filed: Sept. 9, 2010<br><br>Judge: Hon. S. James Otero<br>Courtroom: 1– 2nd Floor |

2:10-CV-05896-SJO-JCG

Case 2:

| | |
|---|---|
| 1 | OMNI WOOD PRODUCT, LLC, et al. |
| 2 | |
| 3 | Counter-Claimants, |
| | vs. |
| 4 | |
| 5 | HALLMARK HARDWOODS, INC., et al. |
| 6 | |
| 7 | Counter-Defendants, |
| 8 | |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following procedures shall be employed and the following restrictions shall govern the production, dissemination and retention of discoverable information, documents or things which any party asserts contain or comprise trade secrets, confidential or proprietary information:

1. **Purpose.** It is the purpose of this Protective Order to allow the parties to have reasonable access to discoverable information from other parties while protecting information that a party contends constitutes trade secret, confidential or proprietary information. This protective order governs only discovery. Fed.R.Civ.P.26(c). This protective order does not govern trial. ~~Confidential information used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.~~

2. **Scope.** This Protective Order shall govern all pleadings and all forms of discovery, including testimony given at any deposition in this action, and all designated answers, documents, and other discovery materials or things disclosed by one party herein to another whether informally or in response to interrogatories, requests for admissions or request for production of documents, now pending or hereafter, any information obtained therefrom ("designated material"), and documents and things provided by third parties. This Protective

2:10-CV-05896-SJO-JCG

Order applies only to information obtained from a producing party through discovery, and not to information obtained from other sources.

3. **Right to Designate.** Any party to this action (the "designating party") shall have the right to designate as "confidential", or "confidential-attorneys only", any information it believes to constitute trade secrets, confidential or proprietary information. The parties to this Protective Order agree that marking documents and things with the legend "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall be an exceptional classification to be resorted to sparingly and that the legend "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall be reserved for a minimal number of highly sensitive business documents. Once a party designates material in accordance with this Protective Order, the parties shall similarly designate all copies thereof.

4. **How to Designate.**

a. Before service on or production to any other party, a designating party, in good faith, may designate "confidential" or "confidential-attorneys only" information by marking each item or page with the plainly legible words, "confidential -- [name of producing/designating party]," or "confidential-attorneys only -[name of producing/designating party]."

b. A designating party may also elect to designate information as "confidential" or "confidential-attorneys only" within 15 days after production and, in such case, the designating party shall notify in writing counsel for all other parties who will then so mark the designated information. Thereafter, counsel for all other parties shall treat the designated material as "confidential" or "confidential-attorneys only" information, as appropriate, and shall take reasonable steps to reclaim any such designated information which may have reached the possession of any persons not authorized under this Protective Order to receive such information.

        c.     No party shall be responsible to another party for any use of information produced and not identified by the producing party as "confidential" or "confidential-attorneys only" in accordance with the provisions of this Protective Order.

        d.     Deposition transcripts may be so designated either (1) before the court reporter transcribes the testimony, in which case each page of the portion of the transcript of the designated testimony shall be marked "confidential" or "confidential-attorneys only" by the reporter, as the designating party may direct, or (2) by written notice to the reporter and all counsel of record, within 15 days after the court reporter notifies the parties that the transcript has been prepared, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. All testimony elicited during depositions, ~~hearings, and other proceedings (excluding trial)~~ shall be deemed "confidential" until the expiration of 15 days after notification by the court reporter that the transcript has been prepared.

        The restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to, and shall not prohibit discussions with any person of, any information that the parties agree, or that the Court rules, (a) was or became public knowledge other than as result of disclosure by the receiving party or (b) has come or shall come into the receiving party's legitimate possession and independently of the providing party or before the filing of the instant case.

        5.     **Use of Designated Information.** All information produced under this Protective Order is to be used solely for this action and for no other purposes. No person may disclose in public or private, information designated "confidential" or "confidential-attorneys only," except as set forth in this Protective Order. Persons having access to "confidential" and "confidential-

attorneys only" information shall not disclose or provide such information to any person not authorized under this Protective Order. However, nothing contained in this Protective Order shall affect the right of any designating party to disclose to its officers, directors, employees or experts information designated solely by it as "confidential" or "confidential-attorneys only" or to otherwise use and/or disclose its own designated material as it deems appropriate. When not in actual use, each person receiving designated information shall maintain such information in a secure room or cabinet at the person's office.

6. **Access to "Confidential" Information.** Information designated "confidential" by a party may be disclosed, on a need-to-know basis, only to:

    a. partners, officers, directors or managing agents of the other parties;

    b. to counsel of record for the other named parties, their legal associates and regularly employed office staffs;

    c. independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A; and

    d. court reporters employed by the parties to transcribe deposition testimony or similar proceedings.

    e. the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court).

7. **Access to "Confidential-Attorneys Only" Information.** Information designated "confidential-attorneys only" by a party may be disclosed, on a need-to-know basis, only to:

    a. counsel of record for the other named parties, their legal associates and regularly employed office staffs;

  b. independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A;

  c. court reporters employed by the parties to transcribe deposition testimony or similar proceedings; and

  d. the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court).

  **8. Acknowledgement of Access to Designated Information.** Before obtaining access to any "confidential" or "confidential-attorneys only" information covered by this Protective Order, <u>each</u> person, other than counsel, their legal associates and regularly employed office staffs, who are permitted to have access to such information under this Protective Order must signify assent to the terms of this order by executing an acknowledgment indicating that he or she has read and understood this Protective Order and agrees to be bound by its terms, in the form attached hereto as Exhibit A.

  **9. Exclusion of Unauthorized Persons.** If any party intends to summarize, discuss, or otherwise use "confidential" or "confidential-attorneys only" information at any deposition or hearing, all persons, other than those entitled to access to such information, shall be excluded from attendance at the deposition hearing or trial of this action, unless the parties otherwise agree in writing, or the court otherwise orders. The parties agree that partners, officers, directors or managing agents of the other party shall not be excluded from any portion of a trial or hearing except as absolutely necessary.

  **10. Use of Designated Information by the Court.** In accordance with the terms of this Protective Order, any party attempting to lodge any document with the Court containing material that has been designated "confidential" or "confidential-attorneys only," including but not limited to transcripts, exhibits,

1 briefs, or memoranda, will ~~adhere~~ strictly to the procedures set forth in Local Rule 79-5
2 to file the "confidential" or "confidential-attorneys only" material contained in
3 such document under seal. The parties acknowledge that the Court controls
4 whether such material is sealed, and that Local Rules 79-5.2 and 79-5.3 govern
5 the disclosure of sealed records.

      **11. Designation Not Determinative of Status.** The designation of information as "confidential" or "confidential-attorneys only" shall not determine, affect, or otherwise constitute an admission or permit an inference of any other party about whether such information comprises a trade secret, confidential or proprietary information. No party shall be obligated to challenge the propriety of such designation by any other party at the time of receipt of such information, and a failure to do so shall not preclude a later challenge to the propriety of the designation. However, all material designated as "confidential" or "confidential-attorneys only" shall remain designated as such until the Court rules to the contrary or until the designating party agrees in writing to withdraw or change the designation.

      This Protective Order shall not foreclose a party from moving for an Order that any CONFIDENTIAL MATERIALS are not, in fact, confidential. In any such motion, the party asserting the confidentiality of the materials at issue shall bear the burden of proof of the need for confidentiality.

      **12. Cumulative Protection.** This Protective Order shall not abrogate or diminish any contractual, statutory, common law or other legal obligation or right of any party or person concerning trade secret, confidential or proprietary information. By stipulating to the entry of this Protective Order, no party shall waive any right to assert a claim of privilege, relevance, or other grounds for not producing information called for. Access to such information shall be allowed by separate agreement of the parties, or by order of the court.

2:10-CV-05896-SJO-JCG

13. **Right to Additional Protection.** Nothing in this Protective Order shall be construed to preclude any party or third party from seeking and obtaining, on an appropriate showing, different or additional protection for any information or relief from any provision of this Protective Order; nor shall this Protective Order preclude any party from claiming that any information designated hereunder is not entitled to the designation originally provided.

14. **Final Disposition.** Upon final disposition of this action, and request of the designating or producing party, all designated information provided to a receiving party, shall be destroyed or returned to the designating or producing party.

The terms of this Protective Order shall not end upon termination of this action, except by written stipulation executed by counsel of record for each designating party, or by an order of the court for good cause.

## STIPULATION

All parties, through their respective counsel, stipulate to entry of the foregoing Protective Order.

DATED: May 9, 2011          CHAPIN FITZGERALD SULLIVAN LLP


By: _____
Kenneth M. Fitzgerald, Esq.
Douglas J. Brown, Esq.

Attorneys for Plaintiff/Counter-Defendant HALLMARK HARDWOODS, INC., and Counter-Defendants TONY PAN, ALICE PAN, UNITED WOOD FLOOR CORPORATION and LONGUST DISTRIBUTING, INC.


DATED: May 9, 2011          CHAN LAW GROUP LLP

By: _____
Steven Hanagami, Esq.

Attorney for Mike Yu; Fei Li; Omni Wood Product LLC; Hallmark Wood America, Inc.; First Country, Inc.; New Harbors America, Inc.; Country Wide Hardwood Products, Inc.; and Caliber Flooring, Inc.

2:10-CV-05896-SJO-JCG

## STIPULATION

All parties, through their respective counsel, stipulate to entry of the foregoing Protective Order.

DATED: May 5, 2011     CHAPIN FITZGERALD SULLIVAN LLP


By: /s/ Douglas J. Brown
    Kenneth M. Fitzgerald, Esq.
    Douglas J. Brown, Esq.

Attorneys for Plaintiff/Counter-Defendant HALLMARK HARDWOODS, INC., and Counter-Defendants TONY PAN, ALICE PAN, UNITED WOOD FLOOR CORPORATION and LONGUST DISTRIBUTING, INC.

DATED: May 9th, 2011     CHAN LAW GROUP LLP

By: [signature]
    Steven Hanagami, Esq.

Attorney for Mike Yu; Fei Li; Omni Wood Product LLC; Hallmark Wood America, Inc.; First Country, Inc.; New Harbors America, Inc.; Country Wide Hardwood Products, Inc.; and Caliber Flooring, Inc.

2:10-CV-05896-SJO-JCG

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 9, 2011 | HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ |
| 3 | | |
| 4 | | By: /s/ Brook Carroll |
| 5 | | Brook J. Carroll, Esq. |
| 6 | | Attorney for Old Master Products, Inc. and Shaul Dina |
| 7 | | |
| 8 | DATED: May 9, 2011 | WAXLER CARNER BRODSKY LLP |
| 9 | | |
| 10 | | By: /s/ Scott Murch |
| 11 | | Scott K. Murch, Esq. |
| 12 | | Attorney for William Hsiang |

APPROVED AND SO ORDERED:

DATED: May 26, 2011     By: _____
                            The Honorable Jay C. Gandhi
                            United States Magistrate Judge

# **EXHIBIT A**

I, _____, do solemnly swear that I am fully familiar with the terms of the stipulated protective order entered in *Hallmark Hardwoods, Inc. v. Omni Wood Product, LLC, et al.*, United States District Court for the Central District of California, Civil Action No. 2:10-CV-05896-SJO-JCG, and hereby agree to comply with and be bound by the terms and conditions of said order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

DATED: May ___, 2011

By: _____