**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HALLMARK HARDWOODS, INC.<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC, a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.;  HALLMARK WOOD AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU; FEI LI; OLD MASTER PRODUCTS, INC.; SHAUL DINA; SOUTHWEST HARDWOOD DISTRIBUTORS, LLC; TIMOTHY KENDZLIC; UNIVERSAL DYNAMICS, INC. and CHUNGSTINE, INC. d/b/a EXPERT HARDWOOD FLOORING,<br><br>　　　　　　Defendants. | Case No.   2:10-CV-05896-SJO-JCG<br><br>**ORDER GRANTING STIPULATED PERMANENT INJUNCTION BETWEEN PLAINTIFF HALLMARK HARDWOODS, INC., AND DEFENDANTS OLD MASTER PRODUCTS AND SHAUL DINA**<br><br>JUDGE:　　Hon. S. James Otero |

|   |   |
|---|---|
| 1 | OMNI WOOD PRODUCT, LLC, et al. |
| 2 |  |
|   | Counter-Claimants, |
| 3 | vs. |
| 4 | HALLMARK HARDWOODS, INC., et al. |
| 5 |  |
| 6 | Counter-Defendants, |

7

8      It is hereby ordered that the Stipulated Permanent Injunction between Plaintiff Hallmark

9 Hardwoods, Inc. and Defendants Old Master Products and Shaul Dina is GRANTED as follows:

10    1.  Defendants, their respective officers, directors, employees, agents, subsidiaries,

11 distributors, dealers, and all persons in active concert or participation with any of them are

12 hereby permanently enjoined and restrained:

13        a.  from using the stylized Hallmark Hardwoods® word mark, the "Hallmark

14            Hardwoods H" word mark, or the "H" mark (Registration No. 3,289,376;

15            Registration No. 3,289,349; and Registration No. 3,200,275) or any other mark

16            confusingly similar to these Hallmark Hardwoods' marks, whether used along or

17            in combination with any word or words, in any manner that suggests in any way

18            that Defendants' products come from or are somehow sponsored by, affiliated

19            with or endorsed by Hallmark Hardwoods, or are manufactured in the same

20            factory or factories or by the same people as, the products of Hallmark

21            Hardwoods;

22        b.  from using the names Hallmark or Hallmark Hardwoods as a source-identifier for

23            any of their product lines, or from stating or suggesting that they have the ability

24            to procure, distribute, or sell any Hallmark Hardwoods products.

25        c.  from stating or suggesting that Hallmark Hardwood products can be obtained

26            from any source other than Hallmark Hardwoods, Inc. or its authorized dealers.

27    2.  By no later than December 31, 2011, Defendants will cease any use of the following

28 color names on any brochure, sample, display rack, website or any other marketing or

advertising materials, and on any products: dark chocolate, driftwood, port, rum, tobacco, whiskey barrel, buckskin, or tea leaf.  Defendants shall take all steps necessary to insure that no such materials remain in the marketplace as December 31, 2011.

3.  In the event any dealer or agent of Defendants is displaying, marketing, using or selling any materials or product in a manner contrary to the requirements herein, Defendants shall have ten (10) days to cure any such violation after notice of such violation is received.  In the event such violation is not cured within this period, plaintiff shall have the right to enforce this injunction upon notice as required by law.

IT IS SO ORDERED.

Dated:  September 23, 2011

*S. James Otero*

United States District Judge