CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
    Edward D. Chapin, Esq. (SBN: 053287)
    Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    Douglas J. Brown, Esq. (SBN: 248673)
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff/Counter-Defendant
HALLMARK HARDWOODS, INC., and
Counter-Defendants TONY PAN, ALICE PAN,
UNITED WOOD FLOOR CORPORATION, and
LONGUST DISTRIBUTING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK HARDWOODS, INC.<br><br>                   Plaintiff,<br>  vs.<br><br>OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC, a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.; HALLMARK WOOD AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU; FEI LI; OLD MASTER PRODUCTS, INC.; SHAUL DINA; SOUTHWEST HARDWOOD DISTRIBUTORS, LLC; TIMOTHY KENDZLIC; UNIVERSAL DYNAMICS, INC. and CHUNGSTINE, INC. d/b/a EXPERT HARDWOOD FLOORING,<br><br>                   Defendants. | Case No.   2:10-CV-05896-SJO-JCG<br><br>**STIPULATED PERMANENT INJUNCTION BETWEEN PLAINTIFF HALMARK HARDWOODS, INC., AND DEFENDANTS OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC, a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.; HALLMARK WOOD AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU; FEI LI**<br><br>JUDGE:   Hon. S. James Otero |

| | |
|---|---|
| 1 | OMNI WOOD PRODUCT, LLC, et al. |
| 2 | |
| 3 | Counter-Claimants, vs. |
| 4 | HALLMARK HARDWOODS, INC., et al. |
| 5 | |
| 6 | Counter-Defendants, |

7

8    Plaintiff/Counter-Defendant HALLMARK HARDWOODS, INC., and Defendants
9  OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC,
10 a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE
11 HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.; HALLMARK WOOD
12 AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU and FEI LI  (collectively, "Defendants"), by
13 and through their respective undersigned counsel, hereby stipulate to the following Permanent
14 Injunction:

15    1. Defendants, their respective officers, directors, employees, agents, subsidiaries,
16 distributors, dealers, and all persons in active concert or participation with any of them are
17 hereby permanently enjoined and restrained:

  a. from using the stylized Hallmark Hardwoods® word mark, the "Hallmark Hardwoods H" word mark, or the "H" mark (Registration No. 3,289,376; Registration No. 3,289,349; and Registration No. 3,200,275) (collectively "the Hallmark Hardwoods trademarks") or any other mark confusingly similar to these Hallmark Hardwoods trademarks, whether used along or in combination with any word or words, in any manner that suggests in any way that Defendants' products come from or are somehow sponsored by, affiliated with or endorsed by Hallmark Hardwoods, or are manufactured in the same factory or factories or by the same people as, the products of Hallmark Hardwoods;

  b. from using the names Hallmark or Hallmark Hardwoods as a source-identifier for any of their product lines, or from stating or suggesting that they have the ability

to procure, distribute, or sell any Hallmark Hardwoods products.

  c. from stating or suggesting that Hallmark Hardwood products can be obtained from any source other than Hallmark Hardwoods, Inc. or its authorized dealers.

2. .Defendants will cease any use of the following product line names on any brochure, sample, display rack, website or any other marketing or advertising materials, and on any products: Heirloom, Silverado.

3. Six (6) months after the entry of this order, Defendants shall destroy or surrender, at their expense, any and all inventory, marketing materials, product literature, labels, display racks, warranty sheets, maintenance guides, or any other promotional, sales, advertising or customer service materials that bear the Hallmark Hardwoods trademarks in its possession, or they shall repackage or relabel all such items to remove any of the Hallmark Hardwoods trademarks.

4. Within thirty (30) days of the parties' execution of this stipulated injunction, Defendants shall remove from Internet web sites they own, operate, or control any Hallmark Hardwoods trademark, and also shall transfer to Hallmark Hardwoods, at defendants' expense, the domain name www.hallmarkwoodfloor.com.

5. Defendants shall replace the name of Hallmark Wood America, Inc., and the name of any active business registration that contains the word "Hallmark," including any fictitious business names, with a non-infringing name.

DATED: March 19, 2012

By: _____
Hallmark Hardwoods, Inc.

DATED: March 19, 2012

By: _____
Omni Wood Product, LLC

| | | |
|---|---|---|
| DATED: March 19, 2012 | By: | _____ |
| | | Mingjie Yu aka Mike Yu |
| DATED: March 19, 2012 | By: | _____ |
| | | Fei Li |
| DATED: March 19, 2012 | By: | _____ |
| | | First Country, Inc. aka First Country, LLC aka First Country Wood |
| DATED: March 19, 2012 | By: | _____ |
| | | New Harbors America, Inc. |
| DATED: March 19, 2012 | By: | _____ |
| | | Country Wide Hardwood Products, Inc. |
| DATED: March 19, 2012 | By: | _____ |
| | | Caliber Flooring, Inc. |
| DATED: March 19, 2012 | By: | _____ |
| | | Hallmark Wood America, Inc. |

.

APPROVED AS TO FORM:

DATED: March 19, 2012   CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP

By: _____
Kenneth M. Fitzgerald, Esq.
Douglas J. Brown, Esq.

Attorneys for Plaintiff/Counter-Defendant HALLMARK HARDWOODS, INC., and Counter-Defendants TONY PAN, ALICE PAN, UNITED WOOD FLOOR CORPORATION and LONGUST DISTRIBUTING, INC.

DATED: March 19, 2012   FOX ROTHSCHILD, LLP

By: _____
Jeffrey S. Kravitz, Esq.
Thomas T. Chan, Esq.
Steven S. Hanagami, Esq.
Samuel Alberstadt, Esq.

Attorneys for Defendants OMNI WOOD PRODUCT, LLC; FIRST COUNTRY INC., a.k.a. FIRST COUNTRY LLC, a.k.a. FIRST COUNTRY WOOD; NEW HARBORS AMERICA, INC.; COUNTRY WIDE HARDWOOD PRODUCTS, INC.; CALIBER FLOORING, INC.; HALLMARK WOOD AMERICA, INC.; MINGJIE YU, a.k.a. MIKE YU; FEI LI

| | |
|---|---|
| 1 | **ORDER** |
| 2 | 1.    Thus, the Stipulated Injunction is GRANTED as stated above. |
| 3 | IT IS SO ORDERED. |

IT IS SO ORDERED.

Dated: March 16, 2012

*S. James Otero*

United States District Judge